IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIE E. CASEY and
RITA D. DENSON,

    Plaintiffs,

v.

WAL-MART STORES, INC., KARL
KATZENBERGER, and JERRY
BROOKS,

    Defendants.

CASE NUMBER:
3:96 CV 274/LAC

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DETERMINE ENTITLEMENT TO AN AWARD OF ATTORNEY'S FEES AND RELATED NON-TAXABLE EXPENSES

COME NOW, the Plaintiffs, Marie E. Casey and Rita D. Denson, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 54 and Local Rules 54.1 and 7.1(B) of the Rules for the Federal Court for the Northern District of Florida and file this, their memorandum of law in support of Plaintiffs' Renewed Motion to Determine Entitlement to an Award of Attorneys Fee's and Related Non-Taxable Expenses.

### I. BACKGROUND

On or about May 31, 1996, Plaintiffs filed suit against the Defendants, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), Jerry Brooks (hereinafter "Brooks"), and Karl

Katzenberger (hereinafter "Katzenberger") in which Plaintiffs sued the Defendant Wal-Mart Stores for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"), and in violation of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes (hereinafter "the Florida Civil Rights Act") which prohibit employment discrimination and harassment on account of sex, and for the common law tort of negligent supervision and retention of the individual Defendants. The Plaintiffs also sued the Defendants Brooks and Katzenberger for the common law tort of battery.

During the week of June 1, 1998, the above-claims were tried to a jury which deliberated and reached its verdict on Friday, June 5, 1998. The jury returned a verdict in favor of Plaintiffs on all counts against the respective Defendants.

With respect to both Plaintiffs, the jury found Defendant, Wal-Mart, guilty of hostile work environment sexual harassment in violation of both "Title VII" and "the Florida Civil Rights Act," and found Defendant, Wal-Mart, guilty of negligent supervision and retention of Brooks and Katzenberger. The jury returned a damage verdict in favor of Plaintiff Casey against Defendant Wal-Mart for the sum of Twenty Thousand Dollars ($20,000.00), and the jury returned a damage verdict in favor of Plaintiff Denson against Defendant Wal-Mart for the sum of Fifteen Thousand Dollars ($15,000.00).

The Defendant Wal-Mart appealed the judgments entered against it in favor of both Plaintiffs. Subsequent thereto, the Eleventh Circuit Court of Appeals affirmed the judgments in favor of Plaintiffs and against Wal-Mart per curiam on July 19, 1999.

Pursuant to "Title VII" and "the Florida Civil Rights Act," Plaintiffs Casey and Denson are clearly the prevailing parties at both the trial and appellate level and are entitled to an award of attorney's fees and related non-taxable expenses.

## II. LAW AND ARGUMENT

### A. DEFENDANT, WAL-MART STORES, INC., IS LIABLE FOR PLAINTIFFS' ATTORNEY'S FEES

In accordance with both the Federal and State law, Plaintiffs are entitled to an award of attorney's fees for prevailing on their claims against the Defendant Wal-Mart for hostile work environment sexual harassment. See, 42 U.S.C. § 2000e-5(k) and Florida Statute § 760.11(5). Title 42 U.S.C. § 2000e-5(k) provides in pertinent part as follows:

> In any action or proceeding under this Title (42 U.S.C. § 2000e, et seq.) the Court, in its discretion, may allow the prevailing party, . . . a reasonable attorneys fee as part of costs, . . . .

Similarly, Florida Statute § 760.11(5) provides in pertinent part:

> In any action or proceeding under this subsection, the Court, in its discretion, may allow the prevailing party a reasonable attorney's fees as part of the costs. It is the intention of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with the federal case law involving a Title VII action.

The Court's discretion to deny an award of attorney's fees to a prevailing plaintiff is very narrow. New York Gaslight Club, Inc. v. Carey, 100 S.Ct. 2024, 2033 (1980). The Supreme Court of the United States has held that attorney's fees should be awarded to a prevailing plaintiff, absent "special circumstances." New York Gaslight, 100 S.Ct. at 2030, 2033; See also Newman v. Piggy Park Enterprises, Inc., 88 S.Ct. 964 (1968)(applied the same standard in a Title II case; Plaintiff "entitled" to attorney's

fees absent special circumstances). In the Eleventh Circuit, prevailing plaintiffs are eligible for an award of attorney's fees, even in cases where the plaintiff has only been awarded nominal damages. Huddleston v. Roger Dean Chevrolet, Inc., 845 F.2d 900, 905, (11th Cir. 1988).

On June 5, 1998, the jury returned its verdict in favor of both Plaintiffs against the Defendant Wal-Mart finding that both Plaintiffs were subjected to hostile work environment sexual harassment in violation of both "Title VII" and "the Florida Civil Rights Act." The jury awarded Plaintiff Casey the sum of Twenty Thousand Dollars ($20,000.00) for these discriminatory violations and the jury awarded the Plaintiff Denson the sum of Fifteen Thousand Dollars ($15,000.00) for these discriminatory violations. Subsequent thereto, the Court entered judgment in favor of the Plaintiffs and the judgments were affirmed on appeal.

There are no "special circumstances" which could even remotely make an award of attorney's fees to the Plaintiffs unjust. Absent any such circumstances, Plaintiffs Casey and Denson are entitled to an award of attorney's fees and the Defendant Wal-Mart is liable for payment of the Plaintiffs' attorney's fees.

**B. DEFENDANT, WAL-MART STORES, INC., IS LIABLE FOR PLAINTIFFS' RELATED NON-TAXABLE EXPENSES.**

In its Judgments entered on June 11, 1998, the Court awarded Plaintiffs "their" costs of action. Presumably the Court was awarding those "taxable costs" which most prevailing parties are entitled to recover in accordance with the provisions of 28 U.S.C. §1920. In addition to those taxable costs which Plaintiffs have presented to the Court in their Renewed Bill of Costs and addressed in their Renewed Motion to Tax Costs,

Plaintiffs have incurred other related non-taxable expenses in the successful prosecution of this matter.

The Eleventh Circuit Court of Appeals has recognized that related non-taxable expenses should be awarded in Civil Rights cases. See Dowdell v. City of Apopka, 698 F.2d 1181, 1191-92 (11th Cir. 1983); See also Local Rule 54.1(D) makes reference to "related non-taxable expenses." In civil rights cases, "reasonable attorney's fees" "include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation." Mallory v. Harkness, 923 F.Supp. 1546, 1557 (S.D. Fla. 1996), citing Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). In Dowdell, the Eleventh Circuit held that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs. Dowdell, 698 F.2d 1192. In reaching this decision, the Eleventh Circuit noted that courts within the Circuit had previously awarded expenses reimbursement liberally and gave the following examples:

    1.    Telephone and postage Miller v. Carson, 628 F.2d 346, 349 (5th Cir. 1980).

    2.    Travel, food and lodging Loewen v. Turnipseed, 505 F.Supp. 512, 517-19 (N.D. Miss 1980).

    3.    Telephone, mileage, photocopying and hotel Crowe v. Lucas, 479 F.Supp. 1258, 1263 (N.D. Miss 1979).

    4.    Travel and duplicating expenses Armstrong v. Reed, 462 F.Supp. 496, 502 (N.D. Miss 1978).

    5.    Travel, telephone and "the like" Guarjardo v. Estelle, 432 F.Supp. 1373, 1388 (S.D. Tex 1977), aff'd in pertintent part, 580 F.2d 748 (5th Cir. 1978).

6. $36,467.49 in out-of-pocket expenses under §1988 and Title VII that were not otherwise awardable under 28 U.S.C. §1920 Payne v. Travenol Laboratories, 74 F.R.D. 19, 21-23 (N.D. Miss 1976).[1] See also, Mallory v. Harkness, 923 F.Supp 1546, 1557-1558 (S. D. Fla. 1996)(Court allowed Plaintiff's requested costs for telephone charges, postage, photocopies, and on-line research as compensable expenses as well as courier fees, expedited service of process and facsimile fees.)

Based on the Eleventh Circuit case law, Defendant Wal-Mart should be held liable for Plaintiffs' §1920 taxable costs and all reasonable non-taxable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case. The non-taxable expenses for which Plaintiffs seek reimbursement are itemized in Exhibit "A" attached to the Plaintiffs' Renewed Motion to Determine Entitlement to an Award of Attorney's Fees and Related Non-Taxable Costs.

WHEREFORE, the Plaintiffs respectfully requests that the Court enter an Order granting Plaintiffs' Renewed Motion to Determine Entitlement to an Award of Attorney's Fees and Related Non-Taxable Expenses finding that the Defendant, Wal-Mart Stores, Inc., is liable for attorney's fees and related non-taxable expenses and request the Court retain jurisdiction over these issues for determination of the amount to be awarded pursuant to Local Rule 54.1(E) and (F).

_____
Warren R. Todd
Florida Bar No. 0858633

---

[1] The pertinent portions of the governing provisions of §1988 and §2000e-5 are almost identical and have been interpreted in the same manner. See 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k). see also Vitug v. Brucks, 883 F.Supp. 215, 218-19 ft.n.1. (E.D. Ill 1995).

Erick M. Drlicka
Florida Bar No. 0712541
EMMANUEL, SHEPPARD & CONDON
30 South Spring Street
Post Office Drawer 1271
Pensacola, Florida 32596
(Telephone: 904/433-6581)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing has been served on Peter Corbin, Esq., Ford & Harrison, P.O. Box 41566, Jacksonville, Florida 32591-2319, by United States Mail this 27th day of December, 1999.

_____
Warren R. Todd